Boris Avramski, Esq.
Nevada Bar No. 11350
AVRAMSKI LAW, PC
602 S. 10th Street
Las Vegas, NV 89101
Phone: (702) 522-1808
Fax: (702) 685-3625
E-mail: bkhelpvegas@yahoo.com
Attorney for debtor(s)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: ) <br> ) <br> ) <br> GENEVA STARK MERWIN ) <br> (Deceased) ) <br> ) <br> ) <br> ) <br> Debtor(s). ) | CASE NO.: 11-10834-LED <br> CHAPTER 13 <br><br> HEARING DATE: 08/25/2016 <br> HEARING TIME: 2:30 p.m. |

## MOTION FOR HARDSHIP DISCHARGE UNDER 11 USC 1328(b)

COMES NOW, GENEVA STARK MERWIN estate ("Debtor"), by and through her attorney, Boris Avramski, Esq., from Avramski Law, PC, and moves this Court for an order approving a Hardship Discharge of Debtor. This Motion is based on the Memorandum of Points and Authorities as well as any additional argument brought at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C. § 1328(b)(1), (2), and (3) provides:

> At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if –
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the

- 1 -

1 | debtor had been liquidated under chapter 7 of this title on such date; and

2 | (3) modification of the plan under section 1329 of this title is not practicable.

## STATEMENT OF FACTS

1. On 01/21/2011, Debtor filed the instant Chapter 13, Case Number BK-S-11-10834-LED.
2. On 04/27/2015, Debtor's Modified Chapter 13 plan #3 was confirmed.
3. Debtor mad her payments as provided in her Modified Chapter 13 plan #3.
4. On June April 12, 2016, Debtor passed away at the age of 98. See Suggestion of Death (Doc. # 131).
5. As a result of Debtor's death, she is unable to cure the deficiencies in her Modified Chapter 13 plan #3, because her entire income consists of retirement benefits, which stopped upon her death.
6. Due to the above, modification of Debtor's plan is not possible.

## CONCLUSION

WHEREFORE, based on the foregoing circumstances, Debtor is unable to complete the confirmed Modified Chapter 13 plan #3. Debtor has complied to the best of her ability with her confirmed Modified Chapter 13 plan #3, and should be granted a discharge pursuant to 11 U.S.C. § 1328(b).

Dated this 21st day of June, 2013.

AVRAMSKI LAW, PC

/s/Boris  Avramski
Boris Avramski, Esq.
Nevada Bar No. 11350
AVRAMSKI LAW, PC
602 S. 10th Street
Las Vegas, NV 89101
Phone: (702) 522-1808
Fax: (702) 685-3625
E-mail: bkhelpvegas@yahoo.com
Attorney for debtor(s)